JDL:TJS
F. #2011R00736/OCDETF #NY-NYE-673

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

SCOTT MOSKOWITZ,

        Defendant.

- - - - - - - - - - - - - - - - - X

<u>PLEA AGREEMENT</u>

11 CR 793 (S-1)(WFK)

        Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States Attorney's Office for the Eastern District of New York (the "Office") and SCOTT MOSKOWITZ (the "defendant") agree to the following:

        1.    The defendant will plead guilty to Count One of the above-captioned indictment charging a violation of 21 U.S.C. § 846. The count carries the following statutory penalties:

        a.    Maximum term of imprisonment: twenty years (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)).

        b.    Minimum term of imprisonment: zero years (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)).

        c.    Minimum supervised release term: three years, maximum supervised release term: life, to follow any term of imprisonment; if a condition of release is violated, the defendant may be sentenced to up to two years without credit for pre-release imprisonment or time previously served on post-release supervision (18 U.S.C. § 3583(e); 21 U.S.C. § 841(b)(1)(C)).



2

      d.     Maximum fine: $1,000,000
            (21 U.S.C. § 841(b)(1)(C).

      e.     Restitution: Not applicable.

      f.     $100 special assessment.
            (18 U.S.C. § 3013).

      g.     Other penalties: Criminal forfeiture as set forth in paragraphs 5-13.

2. The defendant understands that although imposition of a sentence in accordance with the United States Sentencing Guidelines (the "Guidelines") is not mandatory, the Guidelines are advisory and the Court is required to consider any applicable Guidelines provisions as well as other factors enumerated in 18 U.S.C. § 3553(a) to arrive at an appropriate sentence in this case. The Office will advise the Court and the Probation Department of information relevant to sentencing, including criminal activity engaged in by the defendant, and such information may be used by the Court in determining the defendant's sentence. The Office estimates the likely adjusted offense level under the Guidelines to be level 12, which is predicated on the following Guidelines calculation:

| | |
|---|---|
| Base Offense Level: (U.S.S.G. 2D1.1(c)(12))<br>(Between 10 and 20 kilograms of marijuana,<br>based on over 2 grams of oxycodone) | 16 |
| Less: Minimal Role<br>(U.S.S.G. 3B1.2(a)) | -4 |
| Adjusted Offense Level | 12 |

If the defendant clearly demonstrates acceptance of responsibility, through allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a), resulting in an adjusted offense level of 10 and a range of imprisonment of 6 - 12 months, assuming that the defendant falls within Criminal History Category I. The defendant agrees that his United States Sentencing Guidelines should be calculated based on a drug type and quantity of at least 2 grams of oxycodone and waives any right to a jury trial or <u>Fatico</u> hearing regarding this issue.

        3. The Guidelines estimate set forth in paragraph 2 is not binding on the Office, the Probation Department or the Court. If the Guidelines offense level advocated by the Office, or determined by the Probation Department or the Court, is, for any reason, including an error in the estimate, different from the estimate, the defendant will not be entitled to withdraw the plea and the government will not be deemed to have breached this agreement.

        4. The defendant agrees not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 12 months or below. This waiver is binding without regard to the sentencing analysis used by the Court. The defendant waives all defenses based on the

4

statute of limitations and venue with respect to any prosecution that is not time-barred on the date that this agreement is signed in the event that (a) the defendant's conviction is later vacated for any reason, (b) the defendant violates this agreement, or (c) the defendant's plea is later withdrawn. The defendant waives any right to additional disclosure from the government in connection with the guilty plea. The defendant agrees that with respect to all charges referred to in paragraphs 1 and 14(a) he is not a "prevailing party" within the meaning of the "Hyde Amendment," 18 U.S.C. § 3006A note, and will not file any claim under that law. The defendant agrees to pay the special assessment by check payable to the Clerk of the Court at or before sentencing.

5. The defendant acknowledges that he owns property that is subject to forfeiture as a result of h~~er~~ violation of 21 U.S.C. § 846, as alleged in the information. Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Section 846, the defendant shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense. The property to be forfeited includes, but is not limited to, the following: All funds formerly on deposit in Northfield Bank,

Account number 30154751, held in the Name of Phyllis Moskowitz and/or Stanley Moskowitz, and all proceeds traceable thereto,(the "Forfeited Account") and three thousand one hundred and sixteen dollars and zero cents ($3,116.00) in United States currency, more or less, seized by the Drug Enforcement Administration on or about October 26, 2011 from a closet in the master bedroom of 20 Topside Avenue, Staten Island, New York.

      6.    If any of the property described above, as a result of any act or omission of the defendant:

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third party;

      c.    has been placed beyond the jurisdiction of the court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

      7. The defendant consents to the entry of a forfeiture money judgment in the amount of seven thousand dollars and no cents ($7,000.00) in United States currency (the "Forfeiture Money

Judgment"), pursuant 21 U.S.C. § 853, as property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of his violation of 21 U.S.C. § 846, property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense, and/or substitute assets. The Forfeiture Money Judgment shall be paid in full on or before the date the defendant enters his guilty plea pursuant to this agreement (the "Due Date"). All payments made by the defendant toward the Forfeiture Money Judgment shall be made by certified or bank checks, payable to the "United States Marshals Service." The defendant shall cause said checks to be delivered by hand to the Special Assistant United States Attorney Karen Hennigan, 271 Cadman Plaza East, 7th Floor, Brooklyn, NY 11201 with the docket number indicated on the face of the check.

8. If the Forfeiture Money Judgment is not paid in full on or before the Due Date, interest shall accrue on any unpaid portion thereof at the judgment rate of interest from that date. Further, if the defendant fails to pay any portion of the Forfeiture Money Judgment on or before the Due Date, the defendant consents to the forfeiture of any other property of his up to the amount of the Forfeiture Money Judgment, pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedure Act, or any other applicable law.

9. The defendant agrees that the Forfeited Account and

7

the Forfeiture Money Judgment represent the amount that constitutes, or is derived from, proceeds obtained, directly or indirectly, as a result of her violation of 21 U.S.C. § 846, property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense, and/or substitute assets, and thus is subject to forfeiture to the United States pursuant to 21 U.S.C. § 853. The defendant consents to the entry of a Preliminary Order of Forfeiture pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure forfeiting the above-referenced amount of the Forfeiture Money Judgment.

      10. The defendant agrees to fully assist the Government in effectuating the forfeiture of the Forfeited Account and payment of the Forfeiture Money Judgment. The defendant agrees not to file or interpose any claim or to assist others to file or interpose any claim to any property against which the Government seeks to execute the Forfeited Account and/or the Forfeiture Money Judgment in any administrative or judicial proceeding.

      11. The failure of the defendant to forfeit any monies and/or properties as required under this agreement, including the failure of the defendant to execute any document to accomplish same on timely notice to do so, shall constitute a material breach of this agreement. Upon such a breach, the defendant will not be entitled to withdraw the plea, but the Office may bring additional criminal charges against the defendant.

8

12. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or assets forfeited hereunder, including notice set forth in an indictment or information. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of the monies and/or assets forfeited hereunder, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the *ex post facto* clause of the constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

13. The defendant agrees that the forfeiture of the Forfeited Account and/or the Forfeiture Money Judgment is not to be considered a fine or a payment on any income taxes that may be due.

14. The Office agrees that:

   a. no further criminal charges will be brought against the defendant for his possession with intent to distribute and the distribution of oxycodone and conspiracy to do the same all for the time period between January 1, 2008 and October 31, 2011, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 *et seq.*;

and, based upon information now known to the Office, it will

   b. take no position concerning where within the

9

      Guidelines range determined by the Court the sentence should fall; and

  c. make no motion for an upward departure under the Sentencing Guidelines.

If information relevant to sentencing, as determined by the Office, becomes known to the Office after the date of this agreement, the Office will not be bound by paragraphs 14(b) and 14(c). Should it be judged by the Office that the defendant has violated any provision of this agreement, the defendant will not be released from his plea of guilty but this Office will be released from its obligations under this agreement, including but not limited to the provisions of paragraph 14(a)-(c).

  15. This agreement does not bind any federal, state, or local prosecuting authority other than the Office, and does not prohibit the Office from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant.

  16. Apart from any written proffer agreement, if applicable, no promises, agreements or conditions have been entered into by the parties other than those set forth in this agreement and none will be entered into unless memorialized in writing and signed by all parties. Apart from any written proffer agreement, if applicable, this agreement supersedes all prior promises,

10

agreements or conditions between the parties. To become effective, this agreement must be signed by all signatories listed below.

Dated:     Brooklyn, New York
           September 13, 2013

                                LORETTA E. LYNCH
                                United States Attorney
                                Eastern District of New York

                    By:   _____
                                Tyler J. Smith
                                Assistant United States Attorney

                                Approved by:
                                _____
                                Gina Parlovecchio
                                Supervising Assistant U.S. Attorney

I have read the entire agreement and discussed it with my attorney. I understand all of its terms and am entering into it knowingly and voluntarily.

_____ 9/13/13
SCOTT MOSKOWITZ

Approved by:

_____ 9/13/13
Susan Kellman, Esq.
Counsel to Defendant